**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nigel BOWE, Defendant-Appellant.**

**No. 82–5960.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1982.

Bierman, Sonnett, Beiley & Shohat, Benedict P. Kuehne, Jon A. Sale, Miami, Fla., for defendant-appellant.

Glenn L. Archer, Jr., Tax Div., U. S. Dept. of Justice, Michael L. Paup, Robert E. Lindsay, E. Alan Hechtkopf, Washington, D.C., for plaintiff-appellee.

Before FAY and CLARK, Circuit Judges, and MARKEY *, Chief Judge.

FAY, Circuit Judge:

This is an expedited appeal by Nigel Bowe, an attorney from the Bahamas, from a civil contempt finding against him for violation of an order to comply with a federal grand jury subpoena duces tecum. Mr. Bowe sought to quash the subpoena on the grounds that to comply would subject him to sanctions under Bahamian law and violate the attorney-client privilege. Finding these grounds to be without merit, we affirm the contempt order.

*Facts*

Mr. Bowe was served in Miami with a grand jury subpoena requiring his appearance and a subpoena duces tecum seeking the production of all records in his possession pertaining to financial transactions of Robert Twist, Sr., Joan Twist and certain corporations in which they had financial interest. Robert Twist, Sr. and Joan Twist are United States citizens under federal grand jury investigation in Florida for possible drug and tax violations. Mr. Bowe filed a motion to quash asserting that the subpoena was overbroad and oppressive, that the documents sought were protected by his own and Twist's Fifth Amendment privileges, and that the documents were protected by the attorney-client privilege. After three hearings the district court denied Mr. Bowe's motion to quash and ordered him to comply with the subpoena. When Mr. Bowe failed to comply the district court issued an order holding him in civil contempt. Significantly, in its contempt order the district court modified its earlier order and required production only of those materials relating to corporations of which Bowe, Twist or Joan Twist were officers, agents or directors. The contempt order also contained a modification excusing production of any privileged material. The district court imposed a $200 per day penalty on Mr. Bowe which was stayed pending the outcome of this appeal.

*Discussion*

Mr. Bowe argues that compliance with the subpoena will subject him to sanctions for breach of the attorney-client privilege under Bahamian law. The Evidence Act of the Bahamas contains a broader privilege for the attorney-client relationship than is found in American law.[1] The government does not concede the existence of an attorney-client relationship, and argues that, if one exists, Mr. Bowe would likely not be subject to sanction in the

---

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Section 126 of the Evidence Act of the Bahamas reads as follows:

No counsel or attorney, unless with his client's express consent, shall at any time be permitted to disclose in evidence—
(1) any communication made to him in the course, and for the purpose of his employment as such, by or on behalf of his client;
(2) the contents or condition of any document with which he has become acquainted in the course, and for the purpose of his professional employment;
(3) any advice given by him to his client in the course and for the purpose of such employment:
Provided that nothing in this Section shall protect from disclosure—
(a) anything done, or any communication made in furtherance of any illegal purpose;
(b) any fact observed by any counsel or attorney in the course of his employment as such, showing that any crime or fraud has been committed since the commencement of his employment.
The provisions of this Section shall apply to the clerks or servants of counsel or attorneys with reference to facts coming to their knowledge in that capacity.

Bahamas.[2] But assuming, *arguendo,* that a Bahamian sanction might occur, that is insufficient reason to quash this subpoena. The issue was recently addressed by this circuit. *In re Grand Jury Proceedings: United States v. Bank of Nova Scotia,* 691 F.2d 1384 (11th Cir.1982). There we held that neither principles of due process nor comity between nations prevents enforcement of a federal grand jury subpoena duces tecum requiring a bank chartered in Canada and operating in the Bahamas to produce records of United States citizens even though this production might subject the bank to sanctions under the Bahamian bank secrecy law. The present case cannot be distinguished. The persons being investigated in this case are United States citizens under suspicion of violations of United States law. A possible conflict with Bahamian standards of privilege cannot protect these records and they must be produced.

██ Mr. Bowe also urges us to overturn the rule in this circuit that grand juries need not demonstrate the relevance of materials sought by their subpoenas and adopt the minority rule of *In re Grand Jury Proceedings,* 486 F.2d 85 (*Schofield I*), (3rd Cir.1973), and *In re Grand Jury Proceedings,* 507 F.2d 963 (*Schofield II*), (3rd Cir. 1975), *cert. denied,* 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975), requiring the government to show that documents sought by grand juries are relevant to the investigation and not sought for another purpose. While the records sought here almost certainly are relevant, no such showing is required in this circuit. *In re Grand Jury Proceedings. United States v. McLean,* 565 F.2d 318 (5th Cir.1977); *In re Grand Jury Proceedings. United States v. Guerrero,* 567 F.2d 281 (5th Cir.1978).[3] The Constitution does not mandate the guidelines established by the Third Circuit in *Schofield,*

*Bank of Nova Scotia, supra,* under its supervisory power. We decline to disturb our rule and will not impose such a requirement.

██ The modification by the district court of its order to require production only of non-privileged material disposes of Mr. Bowe's arguments concerning his and Twist's Fifth Amendment privileges and the attorney-client privilege. Mr. Bowe must appear and comply with the subpoenas. If specific questions call for privileged material or answers that might tend to incriminate, Mr. Bowe may assert his objections and refuse to answer. The trial court can then rule on those specifics if they arise.

The contempt order is AFFIRMED.

---

**2.** On cross examination of Charles Graham-Perkins, Mr. Bowe's expert on Bahamian law, it was conceded that the Evidence Act had no applicability outside Bahamian courts, that a disciplinary committee would take into consideration that a disclosure was made pursuant to an order of the court of competent jurisdiction, and that he knew of no case in which an attorney had been sanctioned for breach of the at-

torney-client privilege. (Feb. 26, 1982 transcript p. 27).

**3.** The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.